IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF ROSEMARIE GREEN, deceased ) <br> ) <br> _____ ) _____ <br> ANGELA ISRAEL, as Independent Administrator ) <br> of the Estate of Rosemarie Green, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> CARRINGTON MORTGAGE SERVICES, LLC, ) <br> UNITED STATES OF AMERICA, ) <br> DEPARTMENT OF HOUSING AND URBAN ) <br> DEVELOPMENT, STATE OF ILLINOIS, and ) <br> THE ESTATES AT CHURCHILL HUNT ) <br> COMMUNITY ASSOCIATION, ) <br> ) <br> Respondents. ) | Case No. 20 C 6608 <br><br> Judge Robert W. Gettleman |

**MEMORANDUM OPINION & ORDER**

Petitioner Angela Israel, as independent administrator of the Estate of Rosemarie Green ("decedent"), petitions this court to approve the sale of real property free and clear of all liens. One of the respondents, the United States, opposes the petition, arguing that it has not waived sovereign immunity. For the reasons discussed below, the court denies the petition (Doc. 1) and remands the case.

**BACKGROUND**

The decedent passed away on May 31, 2019, without a will. The Circuit Court of Lake County appointed Israel as the administrator of the estate. The estate consists almost exclusively of real property located in Gurnee, Illinois. Currently, there are five liens on the property, totaling $615,581.03. The known liens consist of a mortgage by Carrington Services, LLC, two federal tax liens, a U.S. Department of Housing and Urban Development ("HUD") mortgage,

and an Illinois state tax lien. Following an appraisal, the administrator listed the property for $499,000 and currently has an offer to purchase the property for $455,000. Consequently, the liens on the property exceed the estimated value of the property. There appears to be no dispute over the priority of the liens.

The administrator filed a petition in the underlying probate case, seeking court approval to sell the property free and clear of all liens pursuant to an Illinois probate statute, 755 ILCS 5/20-6. The petition names the United States and HUD as respondents, and specifically identifies the two federal tax liens and HUD mortgage on the property. On November 6, 2020, the United States partially removed the case to this court.

## DISCUSSION

Petitioner contends that the property should be sold free and clear of all liens pursuant to an Illinois probate statute, 755 ILCS 5/20-6. The statute allows a court to "direct the sale or mortgage of the property free of all mortgage, judgment or other liens that are due, provide for the satisfaction of all those liens out of the proceeds of the sale or mortgage and settle and adjust all equities and all questions of priority among all interested persons." 755 ILCS 5/20-6(b). Petitioner further contends that the only way to pay the claims of the estate, including the lien obligations, is to sell the property free and clear of all liens. According to petitioner, allowing the property to be sold on the open market free and clear of the liens maximizes the value of the estate's assets and the recovery of the estate's creditors.

The United States objects, claiming that sovereign immunity precludes the petition's request that the property be sold free and clear of the federal liens. Generally, the United States is immune from suits, except where Congress has waived that immunity by statute. United States v. Sherwood, 312 U.S. 584, 586 (1941). Petitioner argues that the petition is a "quiet title"

action to which Congress waived sovereign immunity in 28 U.S.C. § 2410. Section 2410(a)(1) provides that the United States may be named as a party in a civil action "to quiet title to…real or personal property on which the United States has or claims a mortgage or other lien." The United States responds that the instant suit is not a quiet title action, but one that seeks to extinguish the federal liens.

The Seventh Circuit has yet to define a "quiet title" action for the purposes of § 2410(a)(1). Petitioner argues that suits that seek to adjudicate lien priority are suits to quiet title, and thus come under § 2410(a)(1)'s waiver of sovereign immunity. See Nationstar Mortg., LLC v. Humphrey, 2011 WL 3273077, at *4 (W.D. Tenn. July 29, 2011) ("Several circuits have concluded that suits to adjudicate lien priority are analogous to suits to quiet title and therefore, § 2410(a)(1) should be broadly construed to waive sovereign immunity in such cases."). Petitioner claims that its petition seeks to clarify and determine the relative rights of the parties, and that it does not seek to extinguish the federal liens but to satisfy them.

The United States counters that the priority of the liens is not in dispute, and that, by selling the property free and clear, petitioner is actually seeking to extinguish the federal liens to maximize the property's sale price. The court agrees with the government. This action seeks to extinguish all liens, sell the property on the open market for a higher price, and then equitably distribute the sale proceeds to the lien holders. This petitioner cannot do. "[T]here is no provision in Section 2410 that indicates that a party can first sell a property free and clear of a government lien, and then quiet title to the proceeds." Pennant Mgmt, Inc. v. First Farmers Financial, LLC, 2015 WL 4511337, at *3 (N.D. Ill. July 24, 2015) (emphasis in original). Petitioner has not provided any authority suggesting that the requested course of action is appropriate. See id. (no caselaw supports the proposition that "because § 2410 waives the

3

sovereign immunity of the United States with respect to lien claims, a party with a claim to real property on which the government holds a lien may sell the property free and clear of the government's lien in anticipation of an action for quiet title to determine the validity and priority of the parties' rights to the proceeds"). At least one court in this district has held that § 2410(a)(1) does not allow the Administrator to sell the property free and clear of the government's liens without first obtaining its consent.[1] Id. This court agrees. Consequently, the petition is denied.

## CONCLUSION

For the reasons discussed above, the court denies the petition without prejudice. This case is remanded to the Circuit Court of Lake County Illinois for further proceedings.

**ENTER:**

    **DATE:**     **January 19, 2021**

 

_____
**Robert W. Gettleman**
**United States District Judge**

---

[1] It is unclear to the court why the government has not consented to the sale or come to an arrangement with the petitioner.